IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

_____

United States District Court
Southern District of Texas
FILED

MAR 0 5 1998

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| BURLINGTON INSURANCE COMPANY, | § § § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | C.A. NO.:   **B-98-031** |
| | § | |
| JUAN VEGA, INDIVIDUALLY; VEGA ROOFING CO.; McALLEN INDEPENDENT SCHOOL DISTRICT, AND COMMERCIAL INDEMNITY INSURANCE COMPANY, | § § § § § | |
|     Defendants | § | |

## COMPLAINT FOR DECLARATORY RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Burlington Insurance Company, the Plaintiff herein, and, pursuant to the United States Declaratory Judgment Act, files this its Complaint for declaratory relief, and in support thereof, would respectfully show as follows:

### I.

Plaintiff Burlington Insurance Company (hereinafter referred to as "Burlington") is a citizen of the State of North Carolina, with its principal place of business in Burlington, North Carolina.

### II.

Defendant Juan Vega (hereinafter sometimes referred to as "Vega") is an individual who lives, works and resides in Hidalgo County, Texas.

43099:185684.WP:030498

## III.

Defendant Vega Roofing Co. (hereinafter sometimes referred to as "Vega Roofing") is a Texas corporation with its principal place of business in Hidalgo County, Texas.

## IV.

Defendant McAllen Independent School District (hereinafter sometimes referred to as "MISD") is a school district which transacts business in Hidalgo County, Texas.

## V.

Defendant Commercial Indemnity Insurance Company (hereinafter sometimes referred to as "Commercial Indemnity") is a citizen of the State of Texas, with its principal place of business in Austin, Travis County, Texas.

## VI.

This action is brought pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332, and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

## VII.

This Court has personal jurisdiction over the Defendants, because: (1) Vega resides in Texas; (2) Vega Roofing is incorporated in Texas and is doing business in Texas; (3) MISD is a school district within the state of Texas; and (4) Commercial Indemnity is a citizen of Texas and conducts business in the state.

## VIII.

Juan Vega, an individual, may be served with process as follows:

Juan Vega
42 South 35th Street
McAllen, Texas

## IX.

Vega Roofing Co. may be served by serving its registered agent for service of process

as follows:

Ramon Vega
42 South 35th Street
McAllen, Texas

## X.

The McAllen Independent School District may be served by serving its registered agent

for service of process as follows:

Clyde Lyons
Assistant Superintendent for Business
2000 N. 23rd
McAllen, Texas 78501

## XI.

Commercial Indemnity Insurance Company may be served by serving its registered agent

for service of process as follows:

John W. Schuler
3901 S. Lamar, Suite 350
Austin, Texas 78704

## XII.

Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1391, because the

Defendants are subject to personal jurisdiction in this district, because the Defendants reside or

otherwise do business in this district, and because a substantial part of the events giving rise to the underlying lawsuit occurred in this district.

## XIII.

On or about May 23, 1995, Vega Roofing and Vega filed a lawsuit in the 139th Judicial District Court of Hidalgo County, Texas under Cause No. C-2516-95-C and styled *Vega Roofing Company and Juan Vega v. McAllen Independent School District and Jose Barreto, Individually* (hereinafter sometimes referred to as "the Underlying Lawsuit"). Vega and Vega Roofing alleged that, on June 3, 1994, MISD entered into a contract with Vega Roofing for certain repairs to be performed at three MISD schools: McAllen High School, Lamar Middle School and Travis Middle School. On November 2, 1994, Vega Roofing submitted its fourth application and certificate for payment; however, MISD did not pay. As a result, Vega and Vega Roofing claimed a breach of contract against MISD.

## XIV.

In response to the Underlying Lawsuit, MISD filed a counterclaim against Vega and Vega Roofing. On February 28, 1997, MISD filed its first amended counterclaim wherein it made the following allegations.

Vega Roofing, as the low bidder, was awarded the contract for roof repairs to three schools. Time was allegedly of the essence for the roof repairs, and a completion date of September 12, 1994, was established in the contract. Substantial completion was certified on June 6, 1995, some nine months after the requested completion date.

Almost immediately following this substantial completion, it is alleged that serious and noticeable blisters began appearing in the roofing material at McAllen High School. Leaks were

also noted. As time progressed, the blistering allegedly became worse. It is alleged that water was trapped between the layers of roofing material. Although MISD allegedly made repeated demands upon Vega Roofing to cure the defects on the roof at McAllen High School, Vega Roofing allegedly failed to do so.

MISD alleged that Vega and Vega Roofing had a duty to perform the contract and to make repairs in a good and workmanlike manner. It is alleged that Vega Roofing negligently applied the roofing material, allowing moisture to be trapped underneath the top roof coating. Furthermore, in attempting to repair the roof, it is alleged that Vega Roofing allowed areas to remain exposed to the elements for long periods of time, thereby causing more moisture to penetrate the roof. The trapped moisture allegedly has caused continued deterioration of the roof that will require its replacement, which will exceed the cost of the original roof repair.

MISD has alleged the following causes of action:

1.   Breach of contract;

2.   Breach of express and implied warranties;

3.   Negligence by Vega and Vega Roofing in failing to adequately train and supervise their employees in the proper method of application and repair to the roofs at McAllen High School, Travis Middle School and Lamar Middle School, in its application of the roofing materials, and in its attempts to repair the defects.

MISD is claiming the following elements of damages: (1) $100 per day beginning to accrue on September 13, 1994 and running to the present, for liquidated damages as set forth in the contract between the parties; (2) costs of repair to the roofs; and (3) attorney's fees. There is no specific amount of damages pled in the counterclaim. MISD also is asserting damages for unpaid subcontractor's bills, test costs, and costs of a consulting architect.

CIVPDF - www.texis.com

## XV.

Although not referenced in the counterclaim, Vega Roofing engaged a subcontractor, Detekt, on the project. Detekt used infrared equipment to locate moisture damaged areas. Under the terms of Vega Roofing's contract with MISD, Vega Roofing was to repair those areas identified by the Detekt infrared scan. After the project was substantially completed, a second scan revealed the existence of additional moisture damaged areas. It is alleged that at least some of these additional damaged areas were not part of the original work performed by Vega Roofing.

## XVI.

The Invitation to Bid from MISD to Vega Roofing and Supplemental General Conditions of the contract required Vega Roofing to provide and maintain certain insurance coverages, including general liability insurance. Article 17 of the supplemental conditions required Vega Roofing to carry CGL coverage in the amount of $100,000 for property damage for each occurrence and $300,000 for each accident. Furthermore, under Article 17, Vega Roofing was required to name MISD as an additional insured in the CGL policy.

## XVII.

Burlington issued a general liability policy of insurance to Vega Roofing as the named insured under number B 0168 G 000648 for a period beginning June 23, 1994 and ending June 23, 1995. As per endorsement GL 99 16 03 81, limits of liability are $500,000 for each occurrence and $500,000 in the aggregate. The policy was renewed for the subsequent policy year (hereinafter collectively referred to as "the Burlington Policies").

43099:185684.WP:030498                     −6−

## XVIII.

Commercial Indemnity issued Bond No. BD20196, listing Vega Roofing as the principal, for a sum of Two Hundred One Thousand Eight Hundred Forty and No/100 ($201,840.00) for the McAllen High School, Travis gymnasium, and Lamar roof repair projects.

## XIX.

MISD has demanded that Burlington defend and indemnify it for all allegations raised in the Underlying Lawsuit.  By means of a letter dated May 19, 1997, Burlington notified MISD that it was not entitled to defense or indemnity for the Underlying Lawsuit.

## XX.

Vega Roofing demanded that Burlington defend and indemnify it for all allegations raised in the Underlying Lawsuit.  By means of a letter dated May 19, 1997, Burlington notified Vega Roofing that Burlington would provide a defense in the Underlying Lawsuit subject to a complete reservation of rights.

## XXI.

The Burlington Policies provide in pertinent part that:

> Each of the following is an insured under this insurance to the extent set forth below:
>
> (a)     if the named insured is designated in the declarations as an individual, the person so designated but only with respect to the conduct of a business of which he is the sole proprietor, and the spouse of the named insured with respect to the conduct of such a business;
>
> (b)     if the named insured is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

(c)     if the named insured is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such;

The Burlington Policies do not include MISD. There is no blanket endorsement in the Burlington Policies allowing Vega Roofing to enter into contracts requiring a party to be named as an additional insured without further notice to Burlington. There is no specific endorsement stating that MISD has been named as an additional insured in return for a specific premium payment. In short, there is nothing in the Burlington Policies reflecting that MISD is an additional insured and MISD therefore is not an additional insured in the Burlington Policies.

## XXII.

MISD is essentially asking to be an insured in a third-party policy for its first-party property damage claim. Thus, MISD is attempting to transform a general liability policy, which is designed to insure against third-party claims, into a first-party property policy. Further, exclusion (k)(1) of the Burlington Policies specifically precludes coverage for property damage to "property owned or occupied by or rented to the insured." Exclusion (k)(2) of the Burlington Policies also precludes coverage for property damage "to property used by the insured." Thus, any claim by MISD is precluded from coverage by exclusions (k)(1) and (k)(2) of the Burlington Policies.

## XXIII.

The completed operations and products liability insurance coverage portion of the Burlington Policies (Form L 6391) provides that:

The company will pay on behalf of the "insured" all sums which the "insured" shall become legally obligated to pay as damages because of:

> A.     "bodily injury" or
>
> B.     "property damage"

to which this insurance applies, caused by an "occurrence", if the "bodily injury" or "property damage" is included within the "completed operations hazards" or "products hazard", and the company shall have the right and duty to defend any suit against the "insured" seeking damages on account of such "bodily injury" or "property damage" . . . .

The Burlington Policies define an "occurrence" as follows:

> "Occurrence" means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured . . . .

The manufacturers' and contractors' liability part of the Burlington Policies (Form L-6408) contains a similar insuring agreement.  It states:

> The company will pay on behalf of the "insured" all sums which the "insured" shall become legally obligated to pay as damages because of:
>
> A.     bodily injury or
>
> B.     property damage
>
> to which this insurance applies, caused by an "occurrence" . . . .

Numerous courts have held that the provision in an insuring clause agreeing to pay on behalf of the insured sums which the insured becomes legally obligated to pay as damages refers to liability imposed by law for torts and not to damages for breach of contract.  As a result,

since all claims of Vega, Vega Roofing, and MISD sound in contract, there is no coverage for

their claims under the Burlington Policies.

## XXIV.

The manufacturers' and contractors' liability coverage of the Burlington Policies contains

exclusion (a), which provides that there is no coverage for:

> . . . liability assumed by the "insured" under any contract or
> agreement except an "incidental contract"; but with respect to
> "bodily injury" or "property damage" occurring while work
> performed by the "named insured" is in progress, this exclusion
> does not apply to a warranty that such work will be done in a
> workmanlike manner . . . .

The Burlington Policies define "incidental contract" as follows:

> Any written (1) lease of premises, (2) easement agreement except
> in connection with construction or demolition operations on or
> adjacent to a railroad, (3) undertaking to indemnify a municipality
> required by municipal ordinance, except in connection with work
> for the municipality, (4) sidetrack agreement, or (5) elevator
> maintenance agreement . . . .

The completed operations section of the Burlington Policies contains a similar exclusion

(a), which states:

> This insurance does not apply:

> (a)    to liability assumed by the "insured" under any contract or
>        agreement; but this exclusion does not apply to a warranty
>        of fitness or quality of the "named insured's products" or
>        a warranty that work performed by or on behalf of the
>        "named insured" will be done in a workmanlike
>        manner . . . .

Courts construing this provision have held that breaches of contract are not covered by

a liability policy.  Furthermore, the contractual liability exclusions set forth above specifically

provide that the exclusion does not apply to a warranty that the work will be performed in a

workmanlike manner.  As a result, any claims by Vega, Vega Roofing, and MISD for breach of contract and breach of any express or implied warranties are precluded from coverage by the contractual liability exclusions of the Burlington Policies.

## XXV.

The manufacturers' and contractors' liability coverage portion of the Burlington Policies contains exclusion (k) which provides, in pertinent part, that there is no coverage for:

> property damage to . . .

> (3)      property in the care, custody or control of the "insured" or as to which the "insured" is for any purpose exercising physical control;

> but part . . . (3) of this exclusion do(es) not apply with respect to liability under a written side track agreement and part (3) of this exclusion does not apply with respect to "property damage" (other than to elevators) arising out of the use of an elevator at premises owned by, rented to or controlled by the "named insured" . . . .

Since Vega and/or Vega Roofing were doing work on the roofs of the school buildings, they had care, custody or control over the roofs of the three school buildings owned by MISD. Under the terms of the exclusion, there is no coverage for property damage to the roofs of the three schools under the Burlington Policies.

## XXVI.

Exclusion (m) of the manufacturers' and contractors' liability portion of the Burlington Policies provides that there is no coverage for:

> loss of use to tangible property which has not been physically injured or destroyed resulting from

> (1)      a delay in or lack of performance by or on behalf of the "named insured" of any contract or agreement, or

> (2)  the failure of the "named insured's products" or work
> performed by or on behalf of the named insured to meet
> the level of performance, quality, fitness or durability
> warranted or represented by the "named insured" . . . .

Exclusion (e) of the completed operations portion of the Burlington Policies contains the identical exclusion.

To the extent that MISD is making a claim for loss of use against Vega and Vega Roofing, this claim would be precluded from coverage by these exclusions of the Burlington Policies.

## XXVII.

Exclusion (n) of the manufacturers' and contractors' liability portion of the Burlington Policies provides that there is no coverage for:

> property damage to the named insured's products arising out of
> such products or any such part of such products . . . .

Exclusion (f) of the completed operations portion of the Burlington Policies contains the identical exclusion.

The Burlington Policies define "named insured's products" as:

> [g]oods or products manufactured, sold, handled or distributed by
> the named insured or by others trading under his name, including
> any container thereof (other than a vehicle), but "named insured's
> products" shall not include a vending machine or any property
> other than such container, rented to or located for use of others but
> not sold . . . .

In the present case, to the extent that the roofs would be considered the product of Vega or Vega Roofing, their claim would be precluded from coverage by the Burlington Policies.

## XXVIII.

Exclusion (o) of the manufacturers' and contractors' liability portion of the Burlington Policies and exclusion (g) of the completed operations portion of the Burlington Policies provide that there is no coverage:

> to "property damage" to work performed by or on behalf of the "named insured" arising out of the work or any portion thereof, or out of materials, parts, or equipment furnished in connection therewith . . . .

Texas cases construing the "damage to work" exclusion have held that the exclusion does not insure the policyholder against liability to repair or replace its own defective work. Based on the evidence, the pleadings, and the applicable law, the "damage to work" exclusion would preclude coverage for all portions of the roofs repaired by Vega and/or Vega Roofing pursuant to the contract and all portions subsequently repaired after November, 1994.

## XXIX.

Exclusion (q) of the manufacturers' and contractors' liability portion of the Burlington Policies provides that there is no coverage for:

> "bodily injury" or "property damage" arising out of operations performed for the "named insured" by independent contractors or acts or omissions of the "named insured" in connection with his general supervision of such operations, other than "bodily injury" or "property damage" which occurs in the course of:
>
> (1)  maintenance and repairs of premises owned by or rented to the "named insured", or
>
> (2)  structural alterations of such premises which do not involve changing the size of or moving buildings or other structures . . . .

By endorsement, form TBIC-C-166 191, the Policies also provide that:

> [t]his insurance does not apply to "bodily injury" or "property
> damage" arising out of the actions of independent contractors for
> or on behalf of any "insured."

To the extent that Detekt's conduct caused any of MISD's damages, this conduct would be precluded from coverage by the independent contractor's exclusion of the Burlington Policies.

## XXX.

By endorsement, form TBIC-C-58 789, the Burlington Policies provide as follows:

> An "OPEN ROOF" shall be covered by the contractor if the roof
> is to be left unattended. If contractor fails to do this, any resulting
> "property damage" to any building or its contents will not be
> covered by this policy.

> The term "OPEN ROOF" as used in this endorsement shall include
> any roof or section thereof where protective covering (shingles,
> tar, felt paper, etc.) has been removed leaving exposed the
> decking, supporting structure, interior of the building or its
> contents to the elements.

In the Underlying Lawsuit, allegations have been made by MISD that, while performing its repair work on the roofs, Vega Roofing left portions of the polyurethane foam coating exposed, allowing it to be saturated by water that was later "trapped" in place. It is further alleged that this trapped water caused deterioration of the roofs, causing the need for further repairs. Any damages caused by these allegations to the building and its contents are not covered by the Burlington Policies.

## XXXI.

The definitions section of the Burlington Policies defines "property damage" as follows:

> (1)    physical injury to or destruction of tangible property which
>          occurs during the policy period, including the loss of use
>          thereof at any time resulting therefrom, or

   (2)     loss of use of tangible property which has not been
physically injured or destroyed provided such loss
of use is caused by an occurrence during the policy
period . . . .

Texas courts generally have interpreted the term "property damage" as requiring: (1) actual damage to tangible property, or (2) the loss of use of property with tangible monetary value. Furthermore, purely economic damages generally have been held not to constitute "property damage" under a general liability policy. In determining what constitutes "purely economic loss", courts have held that (1) loss of revenue, and (2) loss of good will are purely economic loss and therefore do not constitute "property damage" as defined by liability policies.

MISD is claiming the following damages: (1) repair costs; (2) $100.00 per day pursuant to the contract under a liquidated damages clause; (3) attorney's fees; (4) unpaid subcontractor bills; (5) test costs; and (6) costs of a consulting architect. These alleged damages do not constitute "property damage" as that term is defined by the Burlington Policies and therefore are not covered by the Burlington Policies.

Vega and Vega Roofing are claiming damages for breach of contract by MISD. These alleged damages also do not constitute "property damage" as that term is defined by the Burlington Policies, and therefore they are not covered by the Burlington Policies.

## XXXII.

Commercial Indemnity, as surety on Bond No. BD20196, has a cause of action for indemnity against Vega Roofing should MISD be allowed to execute on the bond. To the extent Commercial Indemnity would then be a judgment creditor of Burlington for any judgment rendered against Vega Roofing in the Underlying Lawsuit, Burlington seeks a declaration that there is no coverage for Commercial Indemnity under the Burlington Policies for the reasons

stated in Paragraphs XXIII, XXIV, XXV, XXVI, XXVII, XXVIII, XXIX, XXX, and XXXI of this Complaint.

## XXXIII.

An actual controversy has arisen and now exists between the parties relating to the duty of Burlington to provide a defense to MISD, Vega, and Vega Roofing in the Underlying Lawsuit for the reasons noted herein. Also, an actual controversy has arisen and now exists between the parties relating to the duty of Burlington to indemnify MISD, Vega, and Vega Roofing for the allegations raised in the Underlying Lawsuit for the reasons noted herein. Declaratory judgment is, therefore, necessary, and Burlington requests a declaration of its rights under the Burlington Policies.

## XXXIV.

Burlington has retained the law firm of Royston, Rayzor, Vickery & Williams, L.L.P. to represent it in this action, and Burlington has agreed to pay this firm reasonable and necessary attorney's fees and expenses. An award of reasonable and necessary attorney's fees and expenses to Burlington would be equitable and just, and Burlington seeks recovery of these attorney's fees and expenses, as well as its court costs in filing and pursuing this declaratory judgment action.

WHEREFORE, PREMISES CONSIDERED, Burlington Insurance Company respectfully prays that Juan Vega, Vega Roofing Co., the McAllen Independent School District and Commercial Indemnity be cited to appear, and that Burlington be awarded a judgment against the Defendants as follows:

43099:185684.WP:030498                        −16−

1.  That this Honorable Court declare that Burlington Insurance Company has no duty to defend Juan Vega in the action brought by the McAllen Independent School District in the 139th Judicial District Court of Hidalgo County, Texas under Cause No. C-2516-95-C and styled *Vega Roofing Company and Juan Vega v. McAllen Independent School District and Jose Barreto, Individually*;

2.  That this Honorable Court declare that Burlington Insurance Company has no duty to indemnify Juan Vega for the lawsuit filed in the 139th Judicial District Court of Hidalgo County, Texas under Cause No. C-2516-95-C and styled *Vega Roofing Company and Juan Vega v. McAllen Independent School District and Jose Barreto, Individually*;

3.  That this Honorable Court declare that Burlington Insurance Company has no duty to defend Vega Roofing Co. in the action brought by the McAllen Independent School District in the 139th Judicial District Court of Hidalgo County, Texas under Cause No. C-2516-95-C and styled *Vega Roofing Company and Juan Vega v. McAllen Independent School District and Jose Barreto, Individually*;

4.  That this Honorable Court declare that Burlington Insurance Company has no duty to indemnify Vega Roofing Co. for the lawsuit filed in the 139th Judicial District Court of Hidalgo County, Texas under Cause No. C-2516-95-C and styled *Vega Roofing Company and Juan Vega v. McAllen Independent School District and Jose Barreto, Individually*;

5.  That this Honorable Court declare that Burlington Insurance Company has no duty to defend the McAllen Independent School District in the action brought by

the McAllen Independent School District in the 139th Judicial District Court of Hidalgo County, Texas under Cause No. C-2516-95-C and styled *Vega Roofing Company and Juan Vega v. McAllen Independent School District and Jose Barreto, Individually*;

6. That this Honorable Court declare that Burlington Insurance Company has no duty to indemnify the McAllen Independent School District for the lawsuit filed in the 139th Judicial District Court of Hidalgo County, Texas under Cause No. C-2516-95-C and styled *Vega Roofing Company and Juan Vega v. McAllen Independent School District and Jose Barreto, Individually*;

7. That this Honorable Court declare that, to the extent Commercial Indemnity may be a judgment creditor of Burlington if it seeks indemnification from Vega Roofing, that there is no coverage for this claim under the Policies.

8. That Burlington Insurance Company be awarded its attorney's fees incurred in filing and pursuing this declaratory judgment action;

9. That Burlington Insurance Company be awarded its court costs in this action; and

10. That Burlington Insurance Company be awarded such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

By: _____

Keith N. Uhles
State Bar No. 20371100
55 Cove Circle
P.O. Box 3509
Brownsville, Texas 78523-3509
Telephone: (956) 542-4377
Telefax: (956) 542-4370

Robert H. Etnyre, Jr.
State Bar No. 06695000
2200 Chase Tower
600 Travis Street
Houston, Texas  77002-2913
Telephone: (713) 224-8380
Telefax:   (713) 225-9945

Attorneys for Plaintiff,
Burlington Insurance Company

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.