ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
MAR 31 1998
Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| BURLINGTON INSURANCE COMPANY<br>    Plaintiff | §<br>§<br>§<br>§ | |
| v. | §<br>§ | C.A. NO.: B-98-031 FBV |
| JUAN VEGA, INDIVIDUALLY; VEGA ROOFING, CO.; McALLEN INDEPENDENT SCHOOL DISTRICT AND COMMERCIAL INDEMNITY INSURANCE COMPANY,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§ | |

## COMMERCIAL INDEMNITY INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE FILEMON B. VELA:

NOW COMES Defendant Commercial Indemnity Insurance Company, and files this Original Answer to Plaintiff's Complaint for Declaratory Relief and would respectfully show this Court the following:

### I.
### ORIGINAL ANSWER

1.   Commercial Indemnity does not have sufficient information to admit or deny the factual allegations contained in paragraph I.

2.   Commercial Indemnity does not have sufficient information to admit or deny the factual allegations contained in paragraph II.

3.   Commercial Indemnity does not have sufficient information to admit or deny the factual allegations contained in paragraph III.

4. Commercial Indemnity does not have sufficient information to admit or deny the factual allegations contained in paragraph IV.

5. Commercial Indemnity admits the factual allegations in paragraph V.

6. Paragraph VI. is a legal assertion. Commercial Indemnity is not required to admit or deny the allegations contained therein.

7. Paragraph VII. is a legal assertion. Commercial Indemnity is not required to admit or deny the allegations contained therein.

8. Commercial Indemnity does not have sufficient information to admit or deny the factual allegations contained in paragraph VIII.

9. Commercial Indemnity does not have sufficient information to admit or deny the factual allegations contained in paragraph IX.

10. Commercial Indemnity does not have sufficient information to admit or deny the factual allegations contained in paragraph X.

11. Commercial Indemnity denies the factual allegations contained in paragraph XI. Commercial Indemnity may be served by serving its registered agent at 1507 S. IH-35, Austin, Texas 78741.

12. Paragraph XII. is a legal assertion. Commercial Indemnity is not required to admit or deny the allegations contained therein.

13. Commercial Indemnity admits that the lawsuit referenced in paragraph XIII. was filed on or about May 23, 1995. Commercial Indemnity is a party to the Underlying suit. Commercial Indemnity is aware of the allegations made by the parties bur does not have sufficient information to admit or deny those allegations. The pleadings on file in the Underlying Suit and the allegations contained therein speak for themselves.

14. Commercial Indemnity admits that MISD filed a counterclaim against Vega in the Underlying Suit as alleged in Paragraph XIV. Commercial Indemnity does not have specific information concerning the allegations made in the pleadings. The pleadings on file in the Underlying Suit speak for themselves.

15. Commercial Indemnity does not have sufficient information to admit or deny the factual allegations contained in paragraph XV.

16. Commercial Indemnity does not have sufficient information to admit or deny the factual allegations contained in paragraph XVI. The documents referenced in paragraph XVI speak for themselves.

17. Commercial Indemnity does not have sufficient information to admit or deny the factual allegations contained in paragraph XVII.

18. Commercial Indemnity admits the factual allegations contained in paragraph XVIII.

19. Commercial Indemnity does not have sufficient information to admit or deny the factual allegations contained in paragraph XIX.

20. Commercial Indemnity does not have sufficient information to admit or deny the factual allegations contained in paragraph XX.

21. Commercial Indemnity does not have sufficient information to admit or deny the factual allegations contained in paragraph XXI. The documents referenced in paragraph XXI speak for themselves.

22. Commercial Indemnity does not have sufficient information to admit or deny the factual allegations contained in paragraph XXII. The documents referenced in paragraph XXII speak for themselves.

23. Commercial Indemnity does not have sufficient information to admit or deny the factual allegations contained in paragraph XXIII. The documents referenced in paragraph XXIII speak for themselves. In addition, the last two sentences of paragraph XXIII contain legal assertions. Therefore, Commercial Indemnity is not required to admit or deny those assertions.

24. Commercial Indemnity does not have sufficient information to admit or deny the factual allegations contained in paragraph XXIV. The documents referenced in paragraph XXIV speak for themselves. In addition, the last two sentences of paragraph XXIV contain legal assertions. Therefore, Commercial Indemnity is not required to admit or deny those assertions.

25. Commercial Indemnity does not have sufficient information to admit or deny the factual allegations contained in paragraph XXV. The documents referenced in paragraph XXV speak for themselves. In addition, the last two sentences of paragraph XXV contain legal assertions. Therefore, Commercial Indemnity is not required to admit or deny those assertions.

26. Commercial Indemnity does not have sufficient information to admit or deny the factual allegations contained in paragraph XXVI. The documents referenced in paragraph XXVI speak for themselves. In addition, the last sentence of paragraph XXVI contains legal assertions. Therefore, Commercial Indemnity is not required to admit or deny those assertions.

27. Commercial Indemnity does not have sufficient information to admit or deny the factual allegations contained in paragraph XXVII. The documents referenced in paragraph XXVII speak for themselves. In addition, the last sentence of paragraph XXVII contains legal assertions. Therefore, Commercial Indemnity is not required to admit or deny those assertions.

28. Commercial Indemnity does not have sufficient information to admit or deny the factual allegations contained in paragraph XXVIII. The documents referenced in paragraph XXVIII speak for themselves. In addition, the last two sentences of paragraph XXVIII contain

legal assertions. Therefore, Commercial Indemnity is not required to admit or deny those assertions.

29. Commercial Indemnity does not have sufficient information to admit or deny the factual allegations contained in paragraph XXIX. The documents referenced in paragraph XXIX speak for themselves. In addition, the last sentence of paragraph XXIX contains legal assertions. Therefore, Commercial Indemnity is not required to admit or deny those assertions.

30. Commercial Indemnity does not have sufficient information to admit or deny the factual allegations contained in paragraph XXX. The documents referenced in paragraph XXX speak for themselves.

31. Commercial Indemnity does not have sufficient information to admit or deny the factual allegations contained in paragraph XXXI. The documents referenced in paragraph XXXI speak for themselves. In addition, the last two sentences of paragraph XXXI contain legal assertions. Therefore, Commercial Indemnity is not required to admit or deny those assertions.

32. Commercial Indemnity admits the factual allegation contained in the first sentence of paragraph XXXII. The remainder of paragraph XXXII. contains legal assertions. Commercial Indemnity is not required to admit or deny the allegations contained therein.

33. Paragraph XXXIII. is a legal assertion. Commercial Indemnity is not required to admit or deny the allegations contained therein.

34. Paragraph XXXIV. is a legal assertion. Commercial Indemnity is not required to admit or deny the allegations contained therein.

## II.
## PRAYER

WHEREFORE, Defendant, Commercial Indemnity Insurance Company requests that the relief prayed for in Plaintiff's Complain be denied and that Commercial Indemnity receive any relief to which it may be justly entitled.

Respectfully submitted,

**WINSTEAD SECHREST & MINICK P.C.**
100 Congress Avenue, Suite 800
Austin, Texas 78701-4042
(512) 474-4330
(512) 370-2850 (fax)

By: _____
Robert C. Bass, Jr        SBN 01889300
                          USDC, SD # 19729
G. Stewart Whitehead      SBN 00789725
                          USDC, SD # 18179

**ATTORNEYS FOR COMMERCIAL INDEMNITY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

By signature above, I hereby certify that a true and correct copy of the foregoing instrument was forwarded via facsimile and certified mail, return receipt requested, on this the 30th day of March, 1998.

Keith N. Uhles
Royston, Rayzor, Vickery & Williams, L.L.P.
55 Cove Circle
P.O. Box 3509
Brownsville, Texas 78523-3509
(956) 542-4370 (fax)

Robert H. Etnyre, Jr.
Royston, Rayzor, Vickery & Williams, L.L.P.
2200 Chase Tower
600 Travis Street
Houston, Texas 77002-2913
(713) 225-9945 (fax)

AU980890030
033098 v7
326:2241-25