United States District Court
Southern District of Texas
FILED
APR 16 1998
Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BURLINGTON INSURANCE COMPANY, | § § § § | |
| Plaintiffs, | | |
| VS. | § § § | C.A. NO.: B-98-031 |
| JUAN VEGA, INDIVIDUALLY ROOFING CO.; McALLEN INDEPENDENT SCHOOL DISTRICT, AND COMMERCIAL INDEMNITY INSURANCE COMPANY | § § § § § | |
| Defendants | § | |

## McALLEN INDEPENDENT SCHOOL DISTRICT'S
## ORIGINAL ANSWER AND MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, McALLEN INDEPENDENT SCHOOL DISTRICT ("MISD") ("Defendant") and answers Plaintiff's Complaint for Declaratory Relief

### First Defense

1. With regard to Plaintiff's alleged cause of action that Plaintiff has no duty to defend Juan Vega in the action brought by the MISD under Cause No. C-2516-95-C, Plaintiff has failed to state a cause of action against MISD under the laws of the State of Texas.

McALLEN INDEPENDENT SCHOOL DISTRICT'S
ORIGINAL ANSWER - Page 1
l:\mbox12\mcallen\united\original.ans

## Second Defense

2. With regard to Plaintiff's alleged cause of action that Plaintiff has no duty to indemnify Juan Vega for the lawsuit filed under Cause No. C-2516-95-C, Plaintiff has failed to state a cause of action against MISD under the laws of the State of Texas.

## Third Defense

3. With regard to Plaintiff's alleged cause of action that Plaintiff has no duty to defend Vega Roofing Co. in the action brought by MISD, Cause No. C-2516-95-C, Plaintiff has failed to state a cause of action against MISD under the laws of the State of Texas.

## Fourth Defense

4. With regard to Plaintiff's alleged cause of action that Plaintiff has no duty to indemnify Vega Roofing Co. in the lawsuit under Cause No. C-2516-95-C, Plaintiff has failed to state a cause of action against MISD under the laws of the State of Texas.

## Fifth Defense

5. With regard to Plaintiff's alleged cause of action that Plaintiff has no duty to defend the MISD in the lawsuit under Cause No. C-2516-95-C, Defendant MISD has never requested such defense.

## Sixth Defense

6. With regard to Plaintiff's alleged cause of action that Plaintiff has no duty to indemnify the MISD for the lawsuit under Cause No. C-2516-95-C, Defendant MISD has never requested such indemnification.

## Seventh Defense

7.      With regard to Plaintiff's alleged cause of action that Commercial Indemnity may be a judgment creditor of Burlington if it seeks indemnification from Vega Roofing, that there is no coverage for this claim under the Policies, Plaintiff has failed to state a cause of action against MISD under the laws of the State of Texas.

## Eighth Defense

8.      With regard to Plaintiff's alleged cause of action that Burlington Insurance Company be awarded its attorney's fees incurred in filing and pursuing this declaratory judgment action, Plaintiff has failed to state a cause of action against MISD under the laws of the State of Texas.

## Ninth Defense

9.      With regard to Plaintiff's alleged cause of action that Burlington Insurance Company be awarded its court costs in this action, Defendant MISD asserts that because there is no dispute between MISD and Burlington as alleged; accordingly, Plaintiff has failed to state a cause of action against MISD under the laws of the State of Texas.

## Tenth Defense

10.     With regard to Plaintiff's alleged cause of action that Burlington Insurance Company be awarded such other and further relief to which it may show itself justly entitled, Defendant MISD asserts that because there is no dispute between MISD and Burlington as alleged; accordingly, Plaintiff has failed to state a cause of action against MISD under the laws of the State of Texas.

## Affirmative Defenses and Motion to Dismiss

11. Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, because there is no dispute between MISD and Plaintiff as alleged, Defendant MISD alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted and should therefore be dismissed. The Plaintiff's allegations do not support any possible theory of recovery and fails to set forth sufficient information to allow the Court to determine if there is any recognized legal theory upon which relief can be granted. The failure to allege any fact connecting Defendant MISD to any wrong is fatally defective. District of Columbia v. Air Florida, Inc., 750 F.2d 1077 (D.C.Cir. 1984); Kadar Corp. v. Milbury, 549 F.2d 230 (1st Cir. 1977). Since the Complaint omits pleading any facts which would imply the existence of a claim, it is fair for the Court to assume that those facts do not exist. O'Brien v. DiGrazia, 544 F.2d 543 (1st Cir. 1976), cert. den. 431 &.S. 914 (1977).

## General Denial

12. Defendant generally denies the allegations contained in Plaintiff's Original Complaint (hereinafter the "Complaint") and demands strict proof thereof.

## Seventh Defense

13. Defendant answers the individually numbered paragraphs of the Complaint, and shows as follows:

## To Factual Allegations of the Complaint

14. Without admitting or waiving that a basis for any dispute between Plaintiff and Defendant MISD exists, MISD admits the averments contained in paragraphs I-XII.

15. MISD admits the averments contained in paragraph XIII.

16. MISD admits the averments contained in paragraph XIV.

17. MISD admits the averments contained in paragraph XV.

18. MISD admits the averments in paragraph XVI, except it denies the averments regarding the amount of coverage required by Vega Roofing.

19. MISD admits the averments contained in paragraph XVII.

20. MISD admits the averments contained in paragraph XVIII.

21. MISD denies the averments contained in paragraph XIX.

22. MISD, after reasonable investigation, can neither admit nor deny the averments contained in paragraph XX as it was not a party to communications between Vega Roofing and Burlington. However, MISD is not aware of any reason to deny the averments contained in this paragraph.

23. MISD admits the averments contained in paragraph XXI.

24. MISD denies the averments contained in paragraph XVII.

25. MISD admits the averments relating to the policy language contained in paragraph XXIII; however, MISD denies the conclusion drawn by Plaintiff.

26. MISD admits the averments relating to the policy language contained in paragraph XXIV; however, MISD denies the conclusion drawn by Plaintiff.

27. MISD admits the averments relating to the policy language contained in paragraph XXV; however, MISD denies the conclusion drawn by Plaintiff.

28. MISD admits the averments relating to the policy language contained in paragraph XXVI; however, MISD denies the conclusion drawn by Plaintiff.

29. MISD admits the averments relating to the policy language contained in paragraph XXVII; however, MISD denies the conclusion drawn by Plaintiff.

30. MISD admits the averments relating to the policy language contained in paragraph XXVIII; however, MISD denies the conclusion drawn by Plaintiff.

31. MISD admits the averments contained in paragraph XXIX.

32. MISD admits the averments relating to the policy language contained in paragraph XXX; however, MISD denies the conclusion drawn by Plaintiff.

33. MISD admits the averments contained in paragraph XXXI except that it denies the conclusion drawn by Plaintiff with respect to repair costs.

34. MISD can neither admit nor deny the averments contained in paragraph XXXII because the averments relate to Commercial Indemnity.

35. MISD denies that an actual controversy exists between itself and Burlington as alleged in paragraph XXXIII.

36. MISD denies that any representation was necessary for Burlington with respect to the alleged controversy with MISD; accordingly, MISD denies that Burlington should be entitled to attorney's fees.

37. MISD denies that Burlington is entitled to the relief for which it prays.

## AFFIRMATIVE RELIEF

38. Because MISD has had to employ the law firm of Abernathy, Roeder, Robertson, Boyd & Joplin to defend this suit for a controversy in which it has no part, MISD is entitled to recovery of its attorney's fees in defense of this declaratory judgment action.

WHEREFORE, PREMISES CONSIDERED, MISD respectfully prays that all claims against MISD be dismissed and that judgment be awarded in favor of MISD, and for such other and further relief to which it may show-itself justly entitled.

Dated: April 13, 1998.

Respectfully submitted,

Abernathy, Roeder, Robertson
Boyd & Joplin, P.C.

J. Timothy Brightman
State Bar No. 02972600
Charles J. Crawford
State Bar No. 05018900
101 E. Davis Street
P.O. Box 1210
McKinney, Texas  75069-1210
972/542-2661; 562-9003
FAX 972/562-0202

Attorneys For Defendants,

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing documents had been forwarded via certified mail, return receipt requested to the counsel listed below this 13th day of April, 1998:

Mr. Keith N. Uhles
P.O. Box 3509
Brownsville, Texas  78523-3509

_____
J. Timothy Brightman

McALLEN INDEPENDENT SCHOOL DISTRICT'S
ORIGINAL ANSWER - Page 8
l:\mbox12\mcallen\united\original.ans